**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br>                                **Plaintiff(s),** <br><br>                            **-against-** <br><br>OCEAN PACIFIC INTERIORS INC., MAJESTIC GC LLC and OLIVER PAPRANIKU, <br><br>                                **Defendant(s).** | 1:22-cv-09128-GHW-SDA <br><br>**PROTECTIVE ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that may be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create automatic entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without

limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.  Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.  The person or Party producing or disclosing any given Confidential Discovery Material may designate as Confidential only such portion of such material that it reasonably and in good faith believes consists of:

   (a)  Commercial and/or financial information (including without limitation commercial contracts and associated documents, tax or other financial documents, proprietary materials, profitability reports or estimates, percentage fees, design fees, audits, and contract and/or sale prices and/or margins);

   (b)  material relating to ownership or control of any non-public company;

   (c)  sensitive commercial information relating to any party's business including, but not limited to, business plans; product-development information; personnel practices or policies; compensation or monetary worth; tax data; proposed strategic transactions or other business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; and/or confidential project-related information;

   (d)  any internal complaint and investigation documents; and

   (e)  any information of a personal or intimate nature regarding any individual; or

   (f) any other category of information hereinafter given confidential status by the Court after the date of this Order or disclosed in good faith by a party hereto as Confidential; or

   (g) documents previously produced, including, but not limited to, payroll records.

  3. With respect to the Confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Confidential Discovery Material with the confidential information redacted.

  4. With respect to deposition transcripts or deposition exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or party or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

  5. If at any time prior to the termination of this action, a producing party realizes that some portion(s) of Confidential Discovery Material that she, he or it previously had produced without limitation should be designated as Confidential, she, he or it may so designate such material by so apprising all prior recipients of the Confidential Discovery Material in writing, and thereafter all such designated portion(s) of the Confidential Discovery Material thereafter will be deemed to be and treated as Confidential under the terms of this Protective Order. In addition, the producing party shall provide each other party with replacement versions of such Confidential Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

  6. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

  7. Where a Producing Party has designated Confidential Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   (a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) in the case of any non-individual party in this action, the officers, directors, employees and insurers (if any), of such entities deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(d) counsel for a party (including any in house attorney or any attorney at the parties' outside law firms) and the paralegal, clerical and secretarial staff employed or utilized by such counsel;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants) assigned to this matter, or other litigation support services retained by the parties or their counsel for the purposes of photocopying, imaging, coding, storing, or otherwise handling documents produced in this matter that counsel hire and;

(f) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto, including mediator personnel;

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto;

(i) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto;

(j) stenographers engaged to transcribe depositions the Parties conduct in this action;

(k) this Court, including any appellate court, its support personnel, and court reporters; and

(l) Non-party witnesses in this proceeding, if it appears that the non-party witness authored or previously received a copy of the Confidential Material, was involved in or has personal knowledge of the subject matter described therein, is employed by the party who produced the Confidential Material, is an independent contractor of the party who produced the Confidential Material, or if the producing party consents to such disclosure. No non-party witness, however, shall be given temporary or permanent possession or custody of any Confidential Material. Such witnesses shall be permitted to review such documents only in the presence of counsel of a Party (including any

5

in house attorney or any attorney at the parties' outside law firms).

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(f), 7(h), 7(i), or 7(l) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. This Order binds the Parties and certain others to treat as Confidential any Confidential Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.  To the extent that any party believes that certain documents produced in discovery and marked Confidential should only ever be filed with the court under seal, then that party must notify all other parties within 30 days after production, or a later time agreed to by counsel for all parties.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the producing party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

11. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Parties a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or

information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of CivilProcedure.

14.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15.     All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed; if the parties have consented to the jurisdiction of Magistrate Judge Aaron for all purposes, then with respect to dispositive motions, Section III(E) shall be followed. The Parties shall use their best efforts to minimize such sealing.

16.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

17.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

18.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If, as a result of inadvertence or other excusable reason, a party or witness has heretofore produced or disseminated a document or information or hereafter produces a document containing Confidential Material without designating that document as Confidential Material, the producing Party or Nonparty Witness may retroactively designate the document as Confidential Material by informing the Party or Parties to whom he, she, or it has produced such document of the identification or number(s) of the document they desire to designate as Confidential Material. Such document(s) shall be treated as Confidential Material pursuant to this Stipulation and after the date the receiving party or parties receive such designation.

19.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords) exchanged in discovery shall be maintained confidential by the persons who receive such information and are bound by this Protective Order. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach.

Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protectPII from unauthorized disclosure.

20. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it upon request—including all copies thereof—to the producing Party, or, upon permission of the producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. Nothing in this Paragraph or this Agreement shall prevent Counsel for the receiving party from maintaining a copy of such materials as part of its litigation file that it is required to maintain in accordance with rules of professional conduct, or as stored in disaster recovery or archival systems or stored in systems or on media generally considered inaccessible without the use of specialized tools and techniques. To the extent and for so long as the Counsel for the receiving party retains Confidential Material for these purposes, Counsel's obligations to protect Confidential Material will continue to apply. If as permitted in this paragraph Counsel retains Confidential Material after the conclusion of this proceeding, that retention does not give Counsel the right to use it beyond the scope of this Paragraph.

21. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

///

///

[CONTINUES ON NEXT PAGE]

**SO STIPULATED AND AGREED:**

_____  
John M. Harras, Esq.  
Virginia & Ambinder, LLP  
40 Broad Street, 7th Floor  
New York, New York 10004  
*Attorneys for Plaintiffs*

Dated:

*s/ Ivan R. Novich*  
_____  
Ivan R. Novich, Esq.  
Littler Mendelson, P.C.  
One Newark Center, 8th Floor  
Newark, New Jersey 07102  
*Attorneys for Defendants Ocean Pacific Interiors Inc. and Oliver Papraniku*

Dated: 02/08/2023

*s/ Francis A. Kirk*  
_____  
Francis A. Kirk, Esq.  
Tesser & Cohen  
30 Wall Street, 8th Floor  
New York, New York 10005-2205  
*Attorneys for Defendant Majestic GC LLC*

Dated:

**SO ORDERED:**

_____  
STEWART D. AARON  
United States Magistrate Judge

Dated:   February 8, 2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br><br>                         **Plaintiff(s),**<br><br>        **-against-**<br><br>OCEAN PACIFIC INTERIORS INC., MAJESTIC GC LLC and OLIVER PAPRANIKU,<br><br>                         **Defendant(s).** | 1:22-cv-09128-GHW-SDA<br><br>**NON-DISCLOSURE AGREEMENT** |

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Confidential Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____